TUCKER, Judge.
The form of the writ of execution is well enough ; for the sheriff is to commit the defendant to the proper prison, let the place of return he where it may ; and as the law directs that it shall be returnable in vacation, the clerk’s office was perhaps the fittest place. The variance, between the forthcoming bond and the return upon the execution, is not important; for the bond recites that the execution had issued, and that the sheriff was in possession of the property under it: After which the obligor is estopped to deny the regularity of the proceedings. The alteration of the bond does not affect the plaintiff’s right; for the court gave judgment upon the bond before the alteration, when it was certainly free from the objection ; and this court is now to give the judgment which ought to havq been given at that time. I think, therefore, that the judgment should be reversed, and one entered for the plaintiff according to the bond as it originally stood.
ROANE, Judge.
The bond, on which the judgment of the district court is given, is entirely such a bond as the act of assembly contemplates in cases of this sort.
It varies indeed from the execution set out in the record, in not tracing all the intermediate assignments ; hut, on the authority of many cases here, this variance will not be held to be material.
The bond agrees with the execution in all substantial particulars. There can be no possible ’ doubt that it was founded on that execution ; and the omission to state all the assignments, was perhaps merely to save trouble and writing in a matter supplied by other things, and therefore immaterial.
This bond, admitted to be good, is not attempted to he impeached by the execution, but by the sheriff’s return.
*The exhibition of that return is no how necessary to complete the plaintiff’s case: And, if it were, it may be, that it was made a considerable time afterwards, *1064 when another high sheriff had taken place ; or it shall he intended to be a mistake of the deputy sheriff.
We have higher evidence than his, to shew that Campbell was sheriff at the time of giving the bond. I mean the bond itself; which the defendant did not, and probably would not have been permitted to contradict at the trial.
As to Mr. Hay’s objection to the form of the execution, the ans.wer of Mr. Wickham is entirely satisfactory.
With respect to the amendment of the bond, whatever may be the case of an erasure made by a party, or others, before the rendition of the judgment, the bond, after it comes into the custody of the court and its officers ; and whether considered as a record, or quasi a record; stands, in this respect, on a common foundation with other records.
After an erroneous judgment has been entered up against a party, through whatever cause, it shall not be in the power of the officer of the court, or of any other person, by an alteration made after the expiration of the term, to bar the party injured of his writ of error, and to support a judgment otherwise erroneous.
As to the power of the court in cases of this sort, it is held, in 1 Bac. Ab. 169, “That if any part of the record be vitiated by erasure, the court will restore it by amendment; because the wickedness of any person, in corrupting the record of the court, ought not to obstruct the justice of the court, or prejudice any of the parties.” This is the general position; and I have no doubt, but it is entirely supported by the cases put in the same passage ■ of the book, and by the reported cases referred to, although I have not had time to examine them. It is impossible that the law. can be otherwise : And I am consequently of opinion, that the judgment should be reversed, and one rendered agreeable to the bond, as now restored and amended.
«CARRINGTON, Judge.
The bond was originally good; and the clerk’s alteration ought not to prejudice the plaintiff ; but it should be restored to what it was. I think, therefore, that the judgment should be reversed, and judgment entered for the plaintiff according to the bond as it was originally made.
LYONS, President.
Forthcoming bonds should be favourably treated, as they are for the ease of the debtor, who should not be allowed to impeach them upon slight grounds: And as no exception was taken to the variance in the court below, where it might have been explained, I think none ought to be admitted here. The alteration of the bond (after it was in the custody of the law) by the officer to whose keeping it was confided, ought not to prejudice the plaintiff: For if that were to be allowed, it would be a disgrace to the justice of the country. I concur that the judgment should be reversed, and one entered for the plaintiff, according to the bond as it originally stood.